## RIDLEHUBER & CO., Inc. v. DUNN.
### No. 14049.

United States Court of Appeals
Fifth Circuit.

Oct. 31, 1952.

Estes Doremus, Atlanta, Ga., William D. McGowan, Greenwood, S. C., for appellant.

C. Baxter Jones, Jr., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This action was brought by appellee to recover damages for the death of her husband, alleging that appellant, while performing a contract to work on U. S. Highway 78 in Cobb County, Georgia, obstructed the highway and negligently caused a truck, in which her husband was riding, to turn over, resulting in his death. The evidence showed that, while the highway was being repaired by the appellant, the driver of the truck came over a hill and failed to receive any warning in time to stop before being forced off the road in order to avoid running into a barrier.

The deceased and the Keen brothers were riding in the cab of the truck, one of the brothers being the driver, the deceased and the driver being employees of the Tennessee Soap Company. The deceased was accompanying the driver to show him the way, but had no control over the speed of the car or the manner in which it was being driven. One of the Keen brothers was driving, the other sat in the center, and Dunn sat by the right-hand door.

Plaintiff alleged that her husband had not been guilty of any negligence, since he was not in charge of or in control of the truck, and that the defendant was negligent in blocking the highway, which entitled plaintiff to recover. Appellant is here claiming that the negligence of the truck driver was the sole and proximate cause of the death; that Dunn and Keen were on a joint enterprise for the same employer; and that the negligence of Keen, the driver, was imputed to Dunn. The court rejected this theory, and charged that Dunn was a passenger, and that as such he was not required to exercise the same degree of care as the driver.

Whether the driver of the truck was negligent and, if so, whether his negligence was the sole proximate cause of the death, was a question for the jury. We also think that the court below was right in holding that there was no evidence, within the meaning of the Georgia law, to warrant a finding that the deceased and the driver of the truck were engaged in a joint enterprise. There being sufficient evidence to take the case to the jury, and no errors appearing in the charge or otherwise on the trial, the judgment appealed from should be, and the same hereby is, affirmed.

Affirmed.